IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALBERT L. FEASTER,

    Plaintiff,

v.

JEFF HANSEN; NORTHERN DISTRICT OF CALIFORNIA FEDERAL PUBLIC DEFENDER'S OFFICE,

    Defendants.

No. C 18-7702 WHA (PR)

**ORDER OF DISMISSAL**

### INTRODUCTION

Plaintiff, an inmate at the Alameda County Jail, filed this civil rights case under 42 U.S.C. § 1983 against the Federal Public Defender's Office and the attorney from that office, Jeff Hansen, who represented him in criminal proceedings. He claims that Mr. Hansen was ineffective in his representation. For the reasons discussed below, the complaint is **DISMISSED** for failure to state a cognizable claim for relief.

Leave to proceed in forma pauperis is granted in a separate order.

### ANALYSIS

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

(9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff alleges that defendant Hansen did not adequately investigate, prepare, or represent plaintiff in his criminal proceedings. Hansen is a federal government employee, not a state actor, and therefore he is not liable under 42 U.S.C. § 1983. The Federal Public Defender's Office is a federal government agency, and therefore it is also not a state actor. These defendants are also not liable under the federal analogue to Section 1983, i.e. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), because federal public defenders do not act under color of federal law, an essential element of a *Bivens* claim, when performing traditional functions of a criminal defense lawyer, such as the preparation, investigation, and representation that was allegedly in a federal criminal proceeding. *See Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (citing analogous holding in *Polk County v. Dodson*, 454 U.S.

2

312, 318-19 (1981), for state court public defenders). Accordingly, plaintiff's allegations, even when liberally construed, do not state a cognizable claim for relief. Leave to amend is not warranted because it is clear that plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007).

## CONCLUSION

For the reasons set out above, this case is **DISMISSED** for failure to state a cognizable claim for relief. The motion for appointment of counsel is **DENIED.**

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January  31 , 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE